UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Javier Ernesto R. A., <br><br>              Plaintiff, <br><br> v. <br><br> Kilolo Kijakazi, <br> Acting Commissioner of the <br> Social Security Administration, <br><br>              Defendant. | Civil No. 3:20-CV-01684 (TOF) <br><br><br> November 2, 2022 |

**RULING ON THE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)**

**I.    INTRODUCTION**

On July 25, 2022, the plaintiff Javier Ernesto R. A.[1] filed a motion in this Social Security case, seeking an award of attorney's fees pursuant to 42 U.S.C. § 406(b).  (ECF No. 38.)  On August 2, 2022, the Acting Commissioner of Social Security[2] ("Commissioner") filed her response to the plaintiff's first Motion for Attorney's Fees, deferring to the Court on the issues of the reasonableness of the plaintiff's Section 406(b) fee request.  (ECF No. 39.)  After the Court pointed out a defect in the plaintiff's initial motion, he filed an amended motion on October 11, 2022.  (ECF No. 41.)  He seeks an award of attorney's fees in the amount of $7,859.78.  (*Id.*)  The Commissioner

---

[1]    Pursuant to D. Conn. Standing Order CTAO-21-01, the Plaintiff will be identified solely by first name and last initial throughout this opinion.

[2]    When the Plaintiff filed this action, he named the then-Commissioner of the Social Security Administration, Andrew Saul, as the defendant. (Compl., ECF No. 1.)  Commissioner Saul no longer serves in that office.  His successor, Acting Commissioner Kilolo Kijakazi, is automatically substituted as the defendant pursuant to Fed. R. Civ. P. 25(d).  The Clerk of the Court is respectfully requested to amend the caption of the case accordingly.

did not respond to the amended motion, and her time for doing so has passed. For the reasons that follow, the amended motion is **GRANTED**, and the initial motion is **DENIED AS MOOT**.

**II.    PROCEDURAL BACKGROUND**

The plaintiff's counsel, Attorney Meryl Ann Spat, represented the plaintiff in an action before this Court commenced on November 9, 2020, in which the plaintiff initially appeared *pro se*, for judicial review of the Commissioner's unfavorable decision denying the plaintiff Social Security Disability benefits. (Compl., ECF No. 1; ECF No. 24.) On July 28, 2021, the Court remanded the case for further proceedings upon the consented filing of a motion for remand under Sentence Four of 42 U.S.C. § 405(g). (ECF No. 31; ECF No. 32.) On November 3, 2021, the Court approved the parties' stipulation for the allowance of attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $8,600.00, subject to offset to satisfy any preexisting debt that the prevailing party may owe to the federal government. (ECF No. 36.)[3] Upon remand, an Administrative Law Judge ("ALJ") held a hearing, following which the ALJ entered a fully favorable decision. (ECF No. 38 at 1.) On July 17, 2022, the Social Security Administration issued a "Notice of Award," finding that the plaintiff was due $31,439.10 in total past-due benefits for the period of October 2018 to December 2021 with a disability onset date of April 15, 2018. (ECF No. 38, at 1; ECF No. 38-1.) The Notice of Award advised that the sum of $7,859.78 was withheld from the plaintiff's past-due benefits for the satisfaction of attorney's fees under Section 206(b) of the Social Security Act. (ECF No. 38, at 1; ECF No. 38-1.)

On July 25, 2022, the plaintiff moved for an award of attorney's fees in that amount. ("Initial Motion," ECF No. 38.) On August 2, 2022, the Commissioner responded that she "neither

---

[3]     Claimant was awarded $8,600.00 under the EAJA but "only received $5,384.00." (ECF No. 38-2, at 2; ECF No. 38, at 4; ECF No. 39, at 3 n.2.)

support[ed] nor oppose[d] counsel's request," and "defer[red] to the Court." (ECF No. 39, at 1, 3.) The Initial Motion referenced a contingency fee agreement between the plaintiff and Attorney Spat (*id.* ¶ 10), but the Court could not locate it in the administrative record, and it advised the plaintiff accordingly. (ECF No. 40.) The plaintiff responded by filing an amended motion ("Amended Motion," ECF No. 41), with a copy of the contingency agreement attached. The Amended Motion seeks the same $7,859.78 sum – and it includes counsel's representation that she will return to the plaintiff the $5,384.00 previously paid under the EAJA, and certify on the docket that she has done so.

### III. LEGAL STANDARD

Pursuant to 42 U.S.C. § 406(b)(1), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of the judgment a reasonable fee for such representation." 42 U.S.C. § 406(b)(1)(A). That fee is capped, however, and may not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled." *Id.* Attorney fee awards under Section 406(b) of the Social Security Act are paid directly out of the plaintiff's past-due benefits to her attorney pursuant to the terms of their contingency agreement. *Id.*; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 795-76 (2002); *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) ["*Wells II*"] (holding that "the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate for evaluation a reasonable fee under § 406(b)."); *Gray v. Berryhill*, No. 15 CV 949-A, 2018 WL 5924747, at *2 (W.D.N.Y. Nov. 13, 2018) (holding that "[f]ees requested pursuant to § 406(b) come from the attorney's client's recovery. They do not come, as they do in the EAJA context, from the public fisc.").

The effect of Section 406(b) "is threefold. It fix[es] a maximum percentage for contingent fees; [it] permit[s] recovery of such fees only out of past due benefits; and [it] require[s] court approval for whatever amount of such fees should be paid." *Wells v. Bowen*, 855 F.2d 37, 41 (2d Cir. 1988) (citations and internal quotation marks omitted). Accordingly, when considering a fee application under Section 406(b), "a court's primary focus should be on the reasonableness of the contingency in the context of the particular case; and the best indicator of 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculation." *Wells II*, 907 F.2d at 371.

The Court is tasked with determining the reasonableness of a fee award under 42 U.S.C. § 406(b). *See Gisbrecht*, 535 U.S. at 807; *Wells II*, 907 F.2d at 372. The Court must consider: (1) whether the amount requested exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Wells II*, 907 F.2d at 372.

In this case, the plaintiff's counsel seeks an award in the amount of $7,859.78, which represents 25% of the total past-due benefits owed to the plaintiff. It is undisputed that this requested amount does not exceed the statutory cap. In addition, there is no evidence of fraud or overreaching. The Social Security Administration approved the fee agreement. (ECF No. 38-1, at 3.). Regarding windfall, the plaintiff's counsel asserts that she spent a total of 44.95 attorney hours of work on the plaintiff's case; thus, the *de facto* hourly rate is $174.86 (ECF No. 38, at 5.) The defendant does not contend that this constitutes a windfall to the attorney, or is otherwise unreasonable. (ECF No. 39, at 3.)

The Second Circuit recently articulated the standards for determining whether there has been a windfall in *Fields v. Kijakazi*, 24 F.4th 845 (2d Cir. 2022). In *Fields*, the Court stated that determining whether a fee request under section 406(b) is a windfall requires consideration of more than the *de facto* hourly rate. Among the factors that a court must consider are "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or well-trained lawyers might take far longer to do." *Id.* at 854. In addition, a court must consider "the nature and length of the professional relationship with the claimant." *Id.* at 855. A third factor that a court must consider is "the satisfaction of the disabled claimant." *Id.* Finally, a court must consider "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.*

Applying the four *Fields* factors to this case, the Court concludes that the requested fee is reasonable. First, the plaintiff's counsel is able and experienced. Attorney Spat "has practiced law for over 20 years and has spent the last 17 years focused on the needs of people who are applying for Social Security Disability Insurance (SSDI) benefits." *See* about.me/merylannespat (last visited Oct. 19, 2022). Her website also states that she "helps her clients navigate the Social Security Administration's . . . appeals process in order to receive the disability coverage due to them by law." *Id.* An overwhelming majority of her 116 cases in this District have been in Social Security appeals. Regarding the plaintiff's counsel's efficiency, in her 44.95 hours spent on this case, she digested a 1,150-page administrative record, performed legal research, filed a 20-page brief and a 20-page statement of material facts, and negotiated a stipulated resolution with the government, which ultimately resulted in a favorable award to her client of past-due benefits. (ECF No. 21; ECF No. 26; ECF No. 31; ECF No. 34-1; ECF No. 32.) Although the plaintiff initially appeared *pro se*, Attorney Spat ultimately performed the work, which was necessary to

advance the plaintiff's position in this case. The plaintiff's counsel also represented the plaintiff in his initial application for Social Security Disability benefits. (*See e.g.*, R. 47, 185.) As such, the plaintiff's counsel used her experience to be efficient here. Second, the plaintiff's counsel had a successful and established professional relationship with claimant that began on March 11, 2021 and encompassed the District Court appeal followed by agency level representation including rehearing before an ALJ that resulted in a partially favorable decision. *See Fields*, 24 F.4th at 855.

Third, regarding the claimant's satisfaction, the claimant stands to receive a substantial award of past-due benefits as well as ongoing monthly benefits. (*See* ECF No. 38-1, at 1-2.) As such, the plaintiff's counsel's work under the contingent fee agreement ultimately resulted in a favorable award to her client. In addition, similar to *Fields*, the claimant here, who has a direct financial stake in the fee determination, does not object to counsel's fees, and neither does the defendant. (ECF No. 38, at 2; *see Fields*, 24 F.4th at 855).)

Lastly, regarding the uncertainty of the result, Attorney Spat notes that "[a]ttorneys who take cases on contingency . . . defer[] payment of their fees until the case has ended and tak[e] upon themselves the risk that they will receive no payment at all." (ECF No. 38, at 2 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 448-49 (1983) (Burger, J., concurring)). The Court is well-aware that "[i]n the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Fields*, 24 F.4th at 856 (citing *Wells II*, 907 F.2d at 371). The plaintiff's counsel expended most of these 44.95 hours before it was certain that the government would stipulate to a remand. (ECF No. 34-1); *see Stovall v. Berryhill*, No. 1:16-cv-05129-NG, 2022 WL 798160, at *3 (E.D.N.Y. Mar. 16, 2022) (finding the hours spent before a stipulation of remand with the government evidenced an uncertain result and in support of the reasonableness of the attorney's fee sought). The result was

also uncertain because it was denied several times at the agency level prior to the district court appeal. (*See generally*, R. at 1, 21, 27.); *see Fields*, 24 F.4th at 856 (finding "[t]he success of the claim was far from a sure thing, as evidenced by the fact that it was denied multiple times at the agency level").

In deciding whether the fees requested by the plaintiff's counsel amount to a windfall, the Court considers the *de facto* hourly rate of $174.86 alongside the four (4) *Fields* factors. Counsel asserts that the fee authorization amount sought is "equal to an hourly rate of $174.86 per hour, below the hourly rate that was $205.00 at the time the EAJA application was filed, and falls significantly below her customary rate." (ECF No. 38, at 5.) Courts in this Circuit have frequently accepted *de facto* hourly rates that far exceed the $174.86 sought here. *See Yamile B. S. v. Comm'r of Soc. Sec. Admin.*, No. 19-cv-00155 (SALM), 2022 WL 1115099, at *3 (D. Conn. Apr. 14, 2022) (finding the hourly rate requested of $495.86 was significantly lower than other section 406(b) fee awards approved in this Circuit ranging from $785.30 to $891.61) (internal citations and quotations omitted)); *Bate v. Berryhill*, No. 18-Ccv1229 (ER), 2020 WL 728784, at *3 (S.D.N.Y. Feb. 13, 2020) (discussing that "a substantial a substantial number of cases in this Circuit have also resulted in *de facto* hourly rates that exceed $1000"). Considering all these factors, the Court concludes that the fee requested by the plaintiff's counsel does not amount to a windfall and is reasonable.

As a separate matter, the defendant acknowledges that on November 3, 2021, the Court awarded the plaintiff's counsel $8,600.00 in attorney's fees under the EAJA, though ultimately the plaintiff's counsel received attorney's fees in the amount of $5,384.00. (ECF No. 35; ECF No. 38-2.) Where, as here, a plaintiff's counsel receives fees for the same work before a District Court under the EAJA and Section 406(b), she "refunds to the claimant the amount of the smaller fee." PUB L. 99-80, 99 Stat. 183 (1985). Accordingly, the parties agree that $5,384.00 should be remitted

directly to the plaintiff upon the plaintiff's counsel's receipt of fees in the amount of $7,859.78 pursuant to 42 U.S.C. § 406(b). (ECF No. 38, at 4; ECF No. 39, at 3.)

The remaining part of the *Wells II* analysis before the Court is whether the plaintiff's counsel's 406(b) Motion was timely filed. Under the circumstances of this case, the parties conclude that it was, and the Court agrees.

Although Section 406(b) does not contain a time limitation for filing fee applications, the Second Circuit has made clear that the fourteen-day (plus three days for mailing) filing deadline for attorney fee petitions in Federal Rule of Civil Procedure 54(d)(2)(B) "provides the applicable limitations period for filing § 406(b) motions." *Sinkler v. Berryhill*, 932 F.3d 83, 87-88, 89 n.5 (2d Cir. 2019). In reaching that conclusion, the Second Circuit explained that the limitations period prescribed in Federal Rule of Civil Procedure 54(d)(2)(B) applies "because parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award." *Id.* at 88. The fourteen-day limitations period begins to run "[o]nce counsel receives the notice of benefits award." *Id.*

Here, the plaintiff's "Notice of Award" is dated July 17, 2022, and the plaintiff's counsel filed her Initial Motion for fees on July 25, 2022. (ECF No. 38 at 1; ECF No. 38-1.) The plaintiff's counsel acknowledged this "hurried" requirement from *Sinkler* in her motion, and the defendant agrees that the Section 406(b) motion was filed within the appropriate timeline. (ECF No. 41, at 2; ECF No. 39, at 2.) The Court concludes that the plaintiff's motion was timely filed.

**IV.   CONCLUSION**

For the reasons set forth above, the plaintiff's Amended Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) (ECF No. 41) in the amount of $7,859.78 is **GRANTED**. In light

of same, the plaintiff's initial Motion for Attorney's Fees (ECF No. 38) is **DENIED AS MOOT**. The Court directs the plaintiff's counsel, upon receipt of this sum, to remit directly to the plaintiff the $5,834.00 fee that was previously awarded under the EAJA, and to certify on the docket that she has done so.

    So ordered this 2nd day of November, 2022, at Hartford, Connecticut.

                                                                         */s/ Thomas O. Farrish*
                                                                         Hon. Thomas O. Farrish
                                                                  United States Magistrate Judge